[No. 19282.  Department Two.  July 29, 1925.]

JOE SCHAFER, *as Sheriff of Adams County, Respondent,*
v. AUGUST GIESE *et al., Defendants and Respond-
ents,* FIRST NATIONAL BANK OF ODESSA,
*Defendant and Appellant.*[1]

CHATTEL MORTGAGES (80)—COSTS OF KEEPER—ACCESSION. The
amount paid by a sheriff to a keeper of mortgaged chattels pending
foreclosure can not be claimed by the first mortgagee, under the
doctrine of accession, where labor and new material is added to the
value of mortgaged chattels, since the services were not performed
while the articles were in possession of the mortgagor.

SAME (80)—FORECLOSURE—CUSTODY OF PROPERTY—COMPENSATION.
Rem. Comp. Stat., § 655, authorizes the sheriff, upon the foreclosure
of a chattel mortgage, to collect only reasonable compensation for
his trouble and expenses in keeping the property.

PAYMENT (32)—VOLUNTARY PAYMENT—RECOVERY. The payment
by a chattel mortgagee, under protest, of an excessive amount de-
manded by the sheriff for keeping the property pending foreclosure
is not a voluntary payment, there being no reasonable opportunity
to contest it prior to the sale.

Cross-appeals from a judgment of the superior court
for Adams county, Truax, J., entered December 29,
1924, upon findings in favor of certain defendants, in
an action of interpleader, tried to the court.  Affirmed.

*W. M. Nevins,* for appellant.

*Zent & Lovell,* for defendant and cross-appellant.

MITCHELL, J.—This case is presented here on the
findings, conclusions and judgment of the trial court.
Those findings that are essential in disposing of the
case are substantially as follows:  The First National
Bank of Odessa commenced the foreclosure of a chattel
mortgage by notice and sale through the sheriff's office,
against August Giese and wife.  The sheriff took pos-
session not only of all the chattels described in the

[1]Reported in 238 Pac. 3.

mortgage, but of other chattels covered by mortgages due to persons other than the bank. One of such other persons, the Odessa Hardware and Implement Company, by appropriate action, had the proceedings transferred to the superior court. Upon issues joined between all the parties, a trial was had wherein a judgment was entered according to the equities of the parties and directing a sale of all the property covered.

From the time of the institution of the proceedings by the bank through the sheriff's office by notice and sale until the date of sale under the judgment, August Giese served as caretaker of the property under a special promise and agreement of the sheriff to pay him for the services. At the time of the sale under the judgment, Giese, through the sheriff, demanded of the bank $648 for his services as caretaker of the chattels, on which the bank's mortgage had been declared to be a first lien. This amount the bank paid to the sheriff under protest and then the sale of those chattels proceeded, on which the sum of $800 was realized, leaving a deficiency judgment in favor of the bank for more than $5,000, no part of which has been paid. Giese assigned his claim against the sheriff to the Odessa Hardware and Implement Company for the services he had rendered. The sheriff had notice of the assignment. The bank claimed all the money which it had paid under protest. Thereupon, by the present action in interpleader and a deposit of the money into court, the sheriff sought the judgment of the court to determine the proper disposition of the money. The bank and the hardware company both appeared in the action by pleadings, each claiming the entire fund. Upon the evidence taken, the court found that $350, together with a small amount Giese had already been paid, was a reasonable allowance for his services, and thereupon awarded $350 to the Odessa Hardware and Implement

Company, as assignee of Giese, and the balance of the $648 to the bank.

The bank has appealed and contends that it should have been given the $350 allowed as reasonable charges for Giese's services that was awarded to the hardware company, upon the theory that, where labor and new material have been added to mortgaged articles by the mortgagor, the value thereof belongs to the mortgagee under the doctrine of accession. That doctrine is applicable in cases where the mortgagor is in possession of the articles at the time of performing the labor or adding new material, as shown by the authorities cited by appellant. Here the services performed by Giese were furnished, not while the articles were in his possession, but in the possession of the sheriff. Nor is the case of *McCormick v. Exchange Bank of Kentucky,* 17 Ky. Law 847, 32 S. W. 932, cited by appellant, in point. That was a case in which the court refused to allow as valid the claim of a debtor for labor performed and provender furnished by him in caring for livestock from the date of the levy of an attachment until the date of sale. However, in that case there appears to have been only a "paper levy," as the officer "did not remove, but left the animals on the farm and in the *possession* of the debtor." We need not decide if that case would be persuasive under our statutes as to the manner of the levy of an attachment or execution. The facts of that case differ essentially from the facts in this one. In this case, the articles consisting of livestock and machinery, the relative values of the two kinds not being stated, were taken into possession by the sheriff, so the finding states. They were not left in the possession of the debtor. He no longer had any dominion or control over them.

The hardware company contends that, as assignee of Giese, the whole fund should have been awarded to

it, upon two grounds: (1) That the $648 was the amount fixed by the sheriff who employed Giese. The argument assumes, contrary to the law, that the sheriff in the execution of process can stipulate the amount to be paid for expenses, beyond any revisory power of the court, in matters upon which the statute is silent. The rule involved should be and is the same as in attachment proceedings. Section 655, Rem. Comp. Stat., provides:

"When property is seized on attachment, the court may allow to the officer having charge thereof such compensation for his trouble and expenses in keeping the same as shall be reasonable and just."

(2) The second contention is that the payment of the $648 to the sheriff by the bank was voluntary and that none of it can be recovered back. The finding shows that the amount was exacted, paid to the sheriff under protest, and that then the sale proceeded. It was a case of a demand by an officer which operated as a restraint upon the exercise of an undoubted right, and in the enforcement of that demand there was no reasonable opportunity for contesting the validity of it. A payment under such circumstances is compulsory, not voluntary, and may be recovered back.

Judgment affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MACKINTOSH, JJ., concur.